UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY LEE BEAUCHAMP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-01899** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION "J" (4)** |

## REPORT AND RECOMMENDATION

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security denying Jimmy Lee Beauchamp ("Beauchamp") claim for Disability Insurance Benefits under the Social Security Act. The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and **Local Rule 19.02E(b)**, for the submission of Proposed Findings and Recommendations.

### I.     Background

Jimmy Lee Beauchamp ("Beauchamp") filed a request for Disability Insurance Benefits on Feburary 16, 2012, that he has been disabled since September 1, 2006. He contends that he is illiterate and suffered a three level back injury.[1]   Beauchamp is a 6'1" man and weighs 255 pounds. Beauchamp is fifty-three years and seven months old, with an eight-grade education.[2] He has worked as a truck driver for different companies and also in the construction industry.[3]

---

[1] R. Doc. 10-3, Tr. 41.

[2] R. Doc. 10, R., Tr. 23 Doc. 10-3, Tr. 41.

[3] *Id.*, Tr. 29.

Beauchamp challenges the Administrative Law Judge's ("ALJ") determination that he was not disabled.[4] Beauchamp argues that the ALJ erred in weighing and examining the evidence.[5] Beauchamp further argues that the evidence, when viewed as a whole, supports his allegation that he is unable to return to former, or any, employment during the relevant period.[6]

## II.   Procedural History

On August 17, 2010, Beauchamp filed an application for disability determination, which was denied on December 30, 2010.[7] The Social Security Administration concluded that his condition, including degenerative disc disease and bulging discs, was not disabling.[8] Beauchamp requested an administrative hearing on August 13, 2012.[9]

On October 6, 2011, a hearing took place before Administrative Law Judge Christopher H. Juge.[10] During the administrative hearing, Beauchamp testified that he last worked in 2007 as a truck driver.[11] He testified that he is unable to work because of several ruptured or herniated

---

[4] R. Doc. 11, p. 11.

[5] *Id.*

[6] *Id.*

[7] R. Doc. 9-4, Tr. 70.

[8] *Id.*

[9] *Id.*, Tr. 62-63.

[10] R. Doc. 10-2, Tr. 11-18.

[11] *Id.*, Tr. 16.

discs and has degenerative disc disease.[12] He further testified that, from a functional point, he was unable to work due to back and leg problems.[13]

He testified that he has been prescribed anti-inflammatory drugs, including Hydrocodone.[14] He also testified that, based upon a CT scan, his fusion did not work, his back was still hurting, and was uninsured.[15] He also confirmed, when questioned, that he was still smoking cigarettes.[16]

On July 19, 2013, the ALJ found, that through March 31, 2007, Beauchamp met the insured status requirements of the Social Security Act.[17] The ALJ found that Beauchamp had not engaged in substantial gainful activity since September 1, 2006, through his last insured date of March 31, 2007.[18] The ALJ further found that Beauchamp had degenerative disc disease.[19] The ALJ further found that Beauchamp does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed, disability impairments.[20]

---

[12] *Id.*, Tr. 145.

[13] *Id.*, Tr. 35-36.

[14] *Id.*, Tr. 34.

[15] *Id.*, Tr. 36.

[16] *Id.*, Tr. 37

[17] *Id.*, Tr. 13.

[18] *Id.*, Finding 2, Tr. 13.

[19] *Id.*, Finding 3, Tr. 13.

[20] *Id.*, Finding 4, Tr. 13-14.

The ALJ further found that Beauchamp has the residual functional capacity to perform the full range of light work. In making this finding, the ALJ noted that he considered all symptoms and the extent to which the symptoms reasonably can be accepted as consistent with objective medical evidence and other evidence.[21] The ALJ found that Beauchamp could perform past relevant work as a truck driver.[22] The ALJ further held that Beauchamp was not disabled as defined by the Social Security Act, from September 1, 2006, the alleged onset date, through March 31, 2007, the date last insured.[23]

### III.   Issue

Whether the ALJ properly evaluated the evidence in finding that Beauchamp was not disabled, prior to the expiration of his insured status on March 31, 2007.

### IV.   Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the fact finder's determination. The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the secretary.  *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

---

[21] *Id.*, Finding 5, Tr. 14.

[22] *Id.*, Finding 6, Tr. 17.

[23] *Id.*, Finding 7, Tr. 18.

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

Disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairmentwhich. . . has lasted . . . for a constructive period of not less than twelve months." *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as meaning "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not

disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

### V. Is the ALJ's determination that Beauchamp was not disabled prior to the expiration of his insured status based upon substantial evidence?

Beauchamp contends that the ALJ erred when he concluded that the medical evidence, including the objective findings in the case, did not support Beauchamp's allegations of disabling symptoms and limitations.[24] Beauchamp contends that, from a longitudinal fashion, from onset through the hearing date, the records never showed any indication that he regained the ability to work at any exertional level.[25] He further suggests that because he received a $500,000 settlement in his workers compensation claim there was a point where he could not work and that he has failed to improve with conservative measures since his injury two years ago.[26] Therefore, he contends that the ALJ's decision is not based upon substantial evidence.[27]

---

[24] R. Doc. 11, p. 12.

[25] *Id.* at 13.

[26] *Id.* at 13.

[27] *Id.*

The Commissioner contends that substantial evidence supports the ALJ's decision that Beauchamp was not disabled before his last insured date, which was March 31, 2007. Therefore, the Commissioner contends that the ALJ's decision should be affirmed.

The record shows that Beauchamp claimed that he was disabled due to illiteracy and back pain. Regarding his allegation of illiteracy, the ALJ found that the record does not contain any corroborative evidence, such as medical records, of illiteracy[28] He noted that Beauchamp indicated in his Disability Report that he could not read and understand English, nor write more than just his name.[29] The ALJ proceeded to discount his representation of illiteracy based on his hand written medical list and other evidence in the record.[30] He further noted that, according to the medical vocational rules literacy, is irrelevant to his ability to work.[31]

The record confirms that the objective, medical evidence in the case fell short of providing strong support for the claimant's allegations of disabling symptoms and limitations during the relevant period. He noted that Beauchamp was involved in a motor vehicle accident on September 1, 2006, and that x-rays showed mild degenerative changes.[32] He further noted that the MRI scans of his lumbar spine showed a right sided L3-4 disc protrusion abutting the L3 nerve root, as well as L4-5 and L5-S1 disc bulges.[33]

---

[28] R. Doc. 10-2, Tr. 15.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*, Tr. 23.

[33] *Id.*

The ALJ further noted that Beauchamp continued to complain of pain, despite physical therapy and facet nerve block injections. The ALJ further noted that there was no evidence of muscle atrophy or loss of motor function strength in his upper and lower extremities during the period.[34] Therefore, the ALJ held that Beauchamp had a medically determinable impairment that reasonably could be expected to cause some of his alleged symptoms, but that his back pain and limitations were not disabling before his last insured date, which was March 31, 2007.[35] In reaching this conclusion, the ALJ noted that despite his complaints of back pain, his gait was normal, he was able to ambulate without an assistance device, and he did not demonstrate loss of function strength, by a testing of his flexion and extension at the hips, knees, and ankles or by walking on his tiptoes and heels. The ALJ concluded that there was no evidence to suggest a loss of sensation in the thoracic spine or lower extremities.[36] He gave significant weight to the opinion evidence of Charles Lee, M.D., a state agency medical consultant, who concluded that Beauchamp could perform light work consistent with residual functional capacity.[37]

The ALJ proceeded to consider evidence in the record after the last date insured noting that Dr. Thomas Cockerham, a treating spine specialist, concluded that Beauchamp was not capable of even sedentary work even though there was no change is his gait, reflexes or sensory, which were each normal. The ALJ further noted that despite Dr. Cockerham's conclusion there was no evidence of muscle atrophy because Beauchamp's muscle mass and tone were normal.

---

[34] *Id.*

[35] *Id.*

[36] R. Doc. 9-6, Tr. 162.

[37] Id,   Tr. 16..

Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's date last insured ("DLI"). *Wooldridge v. Bowen,* 816 F.2d 157, 160 (4th Cir. 1987). In *Moore v. Finch,* 418 F.2d 1224, 1226 (4th Cir. 1969), the Court held that an SSA examiner improperly failed to give retrospective consideration to evidence created between six and seven years after the claimant's DLI. The Court reasoned that the evidence could be "reflective of a possible earlier and progressive degeneration." *Id.* The possibility of such a linkage, and thus the appropriateness of retrospective consideration of medical evidence, may be enhanced further by lay observations of a claimant's condition during the relevant time period. *Id.; see also Cox v. Heckler,* 770 F.2d 411 (4thCir. 1985) (remanding for consideration of post-hearing evidence given claimant's progressively deteriorating lung condition).

Evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post–DLI state of health and his pre–DLI condition, could be the "most cogent proof" of a claimant's pre–DLI disability. *Bird v. Comm'r of Soc. Sec. Admin.,* 699 F.3d 337, 340 (4th Cir. 2012).

Moreover, listing 1.04A requires a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg-raising test (sitting and supine)[.]" *Radfod v. Colvin,* 734 F.3d 288 at 291 (4th Cir. 2013)(quoting 20 C.F.R. Pt. 404, Supbt. P, App. 1, § 104A).

While the ALJ was correct in considering the evidence that accrued after the last insured date, his assessment of that evidence is not accurate according to the record. *Id.* The post- DLI evidence medical record of Dr. Cockram from November 29, 2010, indicates that Beauchamp's range of motion was stable though reduced to approximately 60 degrees of flexion and 15 degrees of extension in 10-20 degree of lateral flexion and rotation. He concluded that the straight leg raise/slump test was positive bilaterally. He further noted that Beauchamp's reflexes were intact yet diminished at both ankles and that his motor strength was grossly intact with mild weakness and associated atrophy of the extremities, which was most severe in the peronci, tibilis anterior, gastrocnemius, and vastis medilais.[38]

The Court notes that the pre-DLI evidence showed that there was a broad-based right lateral disc protrusion at the L3-4 level, which abutted the exiting L3 nerve root on the right and caused right neural canal compromise. This satisfied the first requirement under listing level 1.04. After considering the evidence, the Court finds that the ALJ's decision is not based upon substantial evidence for the reasons assigned above.

## VI. Recommendation

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Jimmy Lee Beauchamp Disability Insurance Benefits be **REVERSED AND REMANDED FOR CONSIDERATION OF ALL OF THE POST-DATE LAST INSURED ("DLI") EVIDENCE**.

---

[38] R. Doc. 10-7, Tr. 205.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[39]

New Orleans, Louisiana, this 20th day of October, 2015.

```
                          _____
                               KAREN WELLS ROBY
                          UNITED STATES MAGISTRATE JUDGE
```

---

[39]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.